# Exhibit 1

*CH 4/27/17*
*@ 9:33 AM*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | | |
|---|---|---|
| CPB CONTRACTORS PTY LIMITED | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   16 cv 2812 |
| KBR, INC., ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          CHEVRON U.S.A. HOLDINGS, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

| Place: Winston & Strawn LLP, 1111 Louisiana St., 25th Floor, Houston, TX 77002 | Date and Time: 05/26/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/26/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
CPB CONTRACTORS PTY LIMITED _____ , who issues or requests this subpoena, are:
John Strasburger, 1111 Louisiana St., 25th Floor, Houston, TX 77002, jstrasburger@winston.com, (713) 651-2600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*Delivered*
*4/27/17    SCH: 1150S*
*Han Sar Ex: 5/31/16*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  16 cv 2812

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

❏ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                                      ; or

❏ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                for travel and $                for services, for a total of $         0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

*For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).*

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

1.      "You" or "Your" shall mean Chevron U.S.A. Holdings, Inc.

2.      "Chevron U.S." shall mean You, as well as employees, agents, or other persons acting, or purporting to act, on Your behalf.

3.      "Plaintiff" shall mean CPB Contractors Pty Limited f/k/a Leighton Contractors Pty Limited, as well as its predecessors, parents, subsidiaries, employees, agents, or other persons acting or purporting to act on their behalf.

4.      "Litigation" shall mean the action styled *CPB Contractors Pty Limited v. KBR, Inc., et al.*, Civ. No. 16 cv 2812, pending in the United States District Court for the Southern District of Texas Houston Division (Hittner, J.), and all claims asserted therein.

5.      "KBR U.S." or "Defendants" shall mean KBR, Inc., KBR Holdings, LLC, KBR Group Holdings LLC, KBR USA LLC, Kellogg Brown & Root LLC, Kellogg Brown & Root International, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., individually or collectively, as well as their respective United States predecessor entities, parents, subsidiaries, affiliates, employees, agents, or other persons acting, or purporting to act, on their behalf.

6.      "Saipem Leighton Consortium" or "SLC" shall mean the consortium between Plaintiff and Saipem SA, a French company, and Saipem Portugal Comercio Maritimo LDC, a Portuguese company.

7.      "Gorgon Project" or the "Project" shall mean the liquefied natural gas (LNG) project located on, near, and around Barrow Island off the coast of Western Australia.

8.      "Gorgon Jetty" shall mean the construction of the jetty for the Gorgon Project.

9.      "Gorgon JV" shall mean the main joint-venture contractor on the Gorgon Project comprising numerous entities, including Chevron Australia, an Australian subsidiary of Chevron Corporation, and Mobil Australia Resources, a subsidiary of Exxon Mobil.

10.      "Kellogg Joint Venture" or "KJV" shall mean Gorgon JV's owner's representative, or agent, on the Gorgon Project, and shall further mean a joint venture comprising the following four entities:  (i) KBR E&C Australia Pty Limited; (ii) Clough Projects Australia Pty Limited; (iii) JGC Corporation; and (iv) Hatch Associates Pty Limited.

11.      "Jetty Contract" shall mean the contract among Plaintiff, as part of SLC, Gorgon JV, and KJV, for Plaintiff to serve as the main contractor for the design and construction of the Gorgon Jetty, entered into by all parties on November 10, 2009, and shall include the Amendments entered into by the aforementioned parties on or around March 10, 2010 and August 3, 2012, respectively.

12.      "Change Order Request(s)" or "COR(s)" shall mean Plaintiff's request(s) to Gorgon JV and/or KJV for adjustments to the overall contract price based on changes in the scope of the work on the Gorgon Project initially agreed upon in the Jetty Contract.

13.      "Project Schedule" shall mean the overall project schedule on the Gorgon Project.

14.      "Initial Progress Payment Application(s)" or "IPPA(s)" shall mean the monthly Interim Project Payment Application(s) that Plaintiff submitted on the Gorgon Project.

15.      "Jetty Charter" or the "Charter" shall mean the Gorgon Jetty Team Charter, an agreement initiated and facilitated by Gorgon JV and KJV initially signed by at least thirteen representatives of Plaintiff, Gorgon JV, and KJV on or around May 2, 2012, and later signed by additional representatives of Plaintiff, Gorgon JV, KJV, Defendants, and others on or around July 3, 2012.

2

16.    "Deed of Settlement" or "DOS" shall mean the Deed of Settlement and Release, an additional amendment to the Jetty Contract, that Plaintiff (as part of SLC), Gorgon JV, and KJV entered into on or around June 8, 2012.

17.    "Final Progress Payment Application" or the "FPPA" shall mean Plaintiff's Final Progress Payment Application submitted on the Gorgon Project on or around April 29, 2015 and May 27, 2015.

18.    As used herein, the term "document" shall mean all original writings of any nature whatsoever and all non-identical copies thereof, including, without limitation, electronically stored information currently or formerly existing, including those which have been deleted, in Your possession, custody, or control, regardless of where located, and includes the following items and things, whether printed, recorded, filmed, electronic, or reproduced by hand, whether or not claimed to be privileged against discovery on any ground, and, where original or non-identical copies are not available, identical copies of original documents and copies of non-identical copies, namely: contracts, agreements, articles, bids, directives, communications, correspondence, audio tape recordings, video tape recordings, cablegrams, radiograms, telegrams, electronic mail or e-mail, or other forms of electronic communication, electronic documents, text messages, PDA calendars or notes, minutes, notes, studies, reports, summaries, agendas, bulletins, notices, columns, arrangements, instructions, shortages, pamphlets, manuals, brochures, schedules, price lists, sketches, drawings, photographs, opinions and reports of consultants, plans, specifications, purchase orders, ledgers, diaries, personal calendars, computer calendars, computer tapes, computer disks, computer cards, computer recorded information, and any other written material.

19.     As used herein, the term "information" shall be expansively construed and shall include, without limitation, documents, facts, data, opinions, images, impressions, concepts, and formulae.

20.     As used herein, the term "communication" shall mean any oral or written exchange of words, thoughts, or ideas with another person, whether person to person, in a group, in a meeting, by telephone, letter, telefax, electronic mail or e-mail, text message, or otherwise, and including any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, note, or other communication.

21.     As used herein, "relating to" or "related," "concern" or "concerning," or "refer to" or "referring to" shall mean mentioning, evidencing, constituting, discussing, detailing, reflecting, assessing, evaluating, recording, describing, showing, embodying, pertaining to, directing attention to, connecting with, utilizing in connection therewith, supporting, commenting on, responding to, analyzing, summarizing, evidencing, supporting, contradicting or rebutting, directly or by inference.

22.     As used herein, the terms "person" or "persons" shall mean any natural person and any corporation, partnership, limited liability company, limited liability partnership, association, joint venture, or other business enterprise or legal entity.

23.     As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any information or documents that may otherwise be considered outside the scope.

24.     As used herein, the terms "includes" or "including" shall be construed as "includes, without limitation" or "including, without limitation," so that each request shall be construed

4

broadly, rather than narrowly, to bring within the scope of each request all responses that may otherwise be construed outside its scope.

25.   For purposes of these Requests, the use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of each Request all responses that might otherwise be construed to be outside its scope.

26.   For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning. If You are unable to understand the meaning of any term or Request, You are invited to immediately seek clarification through Plaintiff's counsel.

## INSTRUCTIONS

1.   You are required to produce all documents in your possession, custody, or control or the possession, custody, or control of your attorneys, officers, directors, agents, employees, accountants, consultants, investigators, surveyors, representatives, or any other persons or entities directly or indirectly employed by You or Your attorneys or anyone else subject to Your control.

2.   In responding to these Requests, You are not limited to Your own personal knowledge, and You are required to furnish all information available to You or anyone acting on Your behalf. If You are unable to respond to any Request or portion thereof, identify the person whom You believe has the knowledge or information that the Request addresses.

3.   If any Request herein is not answered because of a claim of privilege or immunity, You shall specifically state all claims of privileges, or other reasons for refusing to answer, and You shall provide all information necessary to evaluate each claim of privilege or immunity, including the date and subject matter of conversations or written communications, the identity of the persons participating in the conversation or writing, and the identity of all persons to whom any portion of the contents of that conversation or writing have been disclosed. The information

provided shall be sufficient to allow it to be described to the Court for a ruling on the privilege or reason for Your refusal to answer.

4.       To the extent You consider any of the following Requests objectionable, answer or respond to so much of the request, and each part thereof, as is not objectionable in Your view. If applicable, You should separately state the part of each Request for Production as to which You raise objection and specifically state the ground(s) for each such objection.

5.       All documents responsive to the Requests shall be produced in the same form and in the same order in which they are kept in the usual course of business.

6.       If documents produced in response to the Requests are numbered for production, in each response, provide both the information that identifies the documents and the documents' production number.

7.       If a document is produced in redacted form, You should state, with particularity, the reason it was not produced in full and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

8.       If any document cannot be produced in full, produce it to the extent possible and You should specify the reasons for Your inability to produce the remainder, further stating all information, knowledge, or belief You have concerning Your inability to produce the unproduced portion.

9.       For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Identify each person having knowledge about the disposition or

loss of the document, and identify any other document evidencing the existence of the lost document and/or any facts about the lost document.

10.     If production of any requested document or information is objected to on the ground that it is burdensome or oppressive, identify: (i) the reason why the requested production poses a purported undue burden; (ii) the approximate number of documents/pages that have been called for; and (iii) the location of the requested document(s).

11.     Electronic data produced in response to the Request should be produced in TIFF, PDF, and/or native format, as necessary, such that any metadata, formatting, or other information associated with the documents is preserved. If e-mails are produced they must be produced in a form so that the relationship between the electronic documents (*e.g.*, attachments) is preserved and reflected in the production.

12.     Unless otherwise specified, the Requests set forth herein refer to the time period from January 1, 2009 up to and including the present date.

## EXHIBIT A

1.      All documents evidencing, relating to, or concerning the activities or conduct of KBR U.S. relating to the Gorgon Jetty, including, but not limited to, the activities or conduct of KBR U.S. relating to: (i) the Jetty Contract; (ii) the Jetty Charter; (iii) the DOS; (iv) Plaintiff's requests for time extensions to the Project Schedule submitted on the Gorgon Jetty; (v) Plaintiff's Change-Order requests submitted on the Gorgon Jetty; (vi) Plaintiff's IPPAs submitted on the Gorgon Jetty; and (vii) Plaintiff's FPPA submitted on the Gorgon Jetty.

2.      All documents evidencing, relating to, or concerning the activities or conduct of KJV relating to the Gorgon Jetty, including, but not limited to, the activities or conduct of KJV relating to: (i) the Jetty Contract; (ii) the Jetty Charter; (iii) the DOS; (iv) Plaintiff's requests for time extensions to the Project Schedule submitted on the Gorgon Jetty; (v) Plaintiff's Change-Order requests submitted on the Gorgon Jetty; (vi) Plaintiff's IPPAs submitted on the Gorgon Jetty; and (vii) Plaintiff's FPPA submitted on the Gorgon Jetty.

3.      All documents evidencing communications between Chevron U.S., KBR U.S., KJV, and/or any member of KJV, relating to or concerning the Gorgon Jetty, including, but not limited to: (i) such communications relating to Plaintiff's payment claims, or payments made to Plaintiff, in connection with the Gorgon Jetty; and (ii) communications involving Joe Anderson, Elena Berdenikova, Charles Borland, Murphy Bowers, Pierre Breber, Jeff Brubaker, Pat Carswell, Billy Cash, Phillip Chow, Paul Coleman, Simon Copp, John Davies, Nagendra Doddapaneni, Gerry Flaherty, Derek Floreani, Mary Francis, John Geagea, Ashley Geneve, Stephen Green, Paul Griffin, Peter Hagen, Lee Harris, Nigel Hearne, Richard Janik, James W. Johnson, Mike Joyce, Lokesh Kalra, George Kirkland, Roy Krzywosinski, Paul McGrath, Melody Meyer, John Miller, Joe Naylor, Mark Nelson, Uriel Oseguera, Kevin Owens, R. Hewitt Pate, Stuart Payne, Oscar Pena, Brett Pigott, Jay Pryor, Sarath Ravipati, Mark Vaughn, Scott Walker, John Watson, Michael

8

Wirth, and/or W. Scott Young.  This Request also includes, but is not limited to, communications involving Keith Ackley, Eileen Akerson, Chris Albury, Jeff Bolt, Stuart Bradie, Tom Bullard, Kristen Burns, Bob Carl, Craig Collins Jr., Kenneth Crabtree, Alistair Cullen, Mitchell Dalton, Robert Davis, Sid Dearing, Harold (Chip) DeSonier III, Len Duncan, Carl Elmer, Kimberly Rudolph Feletin, Will Ferrier, Aaron Fowler, Tony Gill, Aaron Greene, Ivor Harrington, William Higginbotham, Graham Hill, Charles Humphrey, Darshi Jain, Tim James, David Kahlbom, Hugh Kilpatrick, Tim Lane, James (Jim) Larsen, Stan Lewis, Richard Lynn, Aiesha Maxwell, Nigel Martinez-Whiting, Michael Melcher, Chris McDowra, Warren McKenzie, Josh Merritt, Mike Middleton, Marion Nunn, George O'Hair, Roy Oelking, Ann Pickard, Terry Pitts, Raquel Powers, Paulo Prado, Ryan Pringle, Jeffrey Ray, John Rose, Jerel Sachs, Thomas (Tom) Sawyer, Mike Scheeler, Tim Sergenian, Paul Smith, Stuart Smithson, Gary Steinmetz, Chris Sterling, Seema Thakor, Borbala Ungvari, Bill Utt, David Zelinski, and/or David Zimmerman

4.      All contracts and agreements among Chevron U.S., KBR U.S., the members of KJV, and/or Gorgon JV relating to the Gorgon Jetty and/or evidencing the role of KJV on the Gorgon Jetty.

5.      All documents evidencing bids, proposals, or quotations submitted by KBR U.S., by any affiliate of KBR U.S., by KJV, or by any member of KJV for work including any aspect of the Gorgon Jetty, as defined by the Jetty Contract, Appendix A, "Scope of Work for LNG Jetty and Marine Structures."

6.      All contracts and agreements among Chevron U.S., KBR U.S., KJV, and/or Gorgon JV relating to, or including provisions relating to, tolling or standstill of claims, and/or indemnification or reimbursement of damages, legal expenses, and other costs, in connection with

9

the Gorgon Jetty, including, but not limited to, any costs incurred or potential damages awarded in connection with the Litigation.

7.     All documents relating to or evidencing any requests made by Chevron U.S., KBR U.S., KJV, and/or Gorgon JV to any party seeking tolling or standstill of claims, and/or indemnification or reimbursement of damages, legal expenses, or other costs, relating to the Jetty Contract. This Request includes, without limitation, any demands for indemnification and any responses to any such demand, including, but not limited to, any such demands made in connection with the Litigation.

8.     All documents reflecting, evidencing, or concerning communications between You and KBR U.S. relating to the Litigation.

9.     All documents evidencing the audit report of KPMG dated on or around December 2013 regarding Plaintiff's work and payments made to Plaintiff in connection with the Gorgon Jetty.

# Exhibit 2

*at 4/27/17 @ 9:33 A.h*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | | |
|---|---|---|
| CPB CONTRACTORS PTY LIMITED | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  16 cv 2812 |
| KBR, INC., ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               CHEVRON U.S.A., INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

| Place: Winston & Strawn LLP, 1111 Louisiana St., 25th Floor, Houston, TX 77002 | Date and Time: 05/26/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/26/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
CPB CONTRACTORS PTY LIMITED _____, who issues or requests this subpoena, are:
John Strasburger, 1111 Louisiana St., 25th Floor, Houston, TX 77002, jstrasburger@winston.com, (713) 651-2600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*Delivered*
*4/27/17        Scan 11505*
*2nd Su Ex: 5/31/18*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 cv 2812

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ......... ... . .. ..... ... ..... ....... ... . . . .

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $         0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.      "You" or "Your" shall mean Chevron U.S.A., Inc.

2.      "Chevron U.S." shall mean You, as well as employees, agents, or other persons acting, or purporting to act, on Your behalf.

3.      "Plaintiff" shall mean CPB Contractors Pty Limited f/k/a Leighton Contractors Pty Limited, as well as its predecessors, parents, subsidiaries, employees, agents, or other persons acting or purporting to act on their behalf.

4.      "Litigation" shall mean the action styled *CPB Contractors Pty Limited v. KBR, Inc., et al.*, Civ. No. 16 cv 2812, pending in the United States District Court for the Southern District of Texas Houston Division (Hittner, J.), and all claims asserted therein.

5.      "KBR U.S." or "Defendants" shall mean KBR, Inc., KBR Holdings, LLC, KBR Group Holdings LLC, KBR USA LLC, Kellogg Brown & Root LLC, Kellogg Brown & Root International, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., individually or collectively, as well as their respective United States predecessor entities, parents, subsidiaries, affiliates, employees, agents, or other persons acting, or purporting to act, on their behalf.

6.      "Saipem Leighton Consortium" or "SLC" shall mean the consortium between Plaintiff and Saipem SA, a French company, and Saipem Portugal Comercio Maritimo LDC, a Portuguese company.

7.      "Gorgon Project" or the "Project" shall mean the liquefied natural gas (LNG) project located on, near, and around Barrow Island off the coast of Western Australia.

8.      "Gorgon Jetty" shall mean the construction of the jetty for the Gorgon Project.

9.     "Gorgon JV" shall mean the main joint-venture contractor on the Gorgon Project comprising numerous entities, including Chevron Australia, an Australian subsidiary of Chevron Corporation, and Mobil Australia Resources, a subsidiary of Exxon Mobil.

10.    "Kellogg Joint Venture" or "KJV" shall mean Gorgon JV's owner's representative, or agent, on the Gorgon Project, and shall further mean a joint venture comprising the following four entities:  (i) KBR E&C Australia Pty Limited; (ii) Clough Projects Australia Pty Limited; (iii) JGC Corporation; and (iv) Hatch Associates Pty Limited.

11.    "Jetty Contract" shall mean the contract among Plaintiff, as part of SLC, Gorgon JV, and KJV, for Plaintiff to serve as the main contractor for the design and construction of the Gorgon Jetty, entered into by all parties on November 10, 2009, and shall include the Amendments entered into by the aforementioned parties on or around March 10, 2010 and August 3, 2012, respectively.

12.    "Change Order Request(s)" or "COR(s)" shall mean Plaintiff's request(s) to Gorgon JV and/or KJV for adjustments to the overall contract price based on changes in the scope of the work on the Gorgon Project initially agreed upon in the Jetty Contract.

13.    "Project Schedule" shall mean the overall project schedule on the Gorgon Project.

14.    "Initial Progress Payment Application(s)" or "IPPA(s)" shall mean the monthly Interim Project Payment Application(s) that Plaintiff submitted on the Gorgon Project.

15.    "Jetty Charter" or the "Charter" shall mean the Gorgon Jetty Team Charter, an agreement initiated and facilitated by Gorgon JV and KJV initially signed by at least thirteen representatives of Plaintiff, Gorgon JV, and KJV on or around May 2, 2012, and later signed by additional representatives of Plaintiff, Gorgon JV, KJV, Defendants, and others on or around July 3, 2012.

2

16. "Deed of Settlement" or "DOS" shall mean the Deed of Settlement and Release, an additional amendment to the Jetty Contract, that Plaintiff (as part of SLC), Gorgon JV, and KJV entered into on or around June 8, 2012.

17. "Final Progress Payment Application" or the "FPPA" shall mean Plaintiff's Final Progress Payment Application submitted on the Gorgon Project on or around April 29, 2015 and May 27, 2015.

18. As used herein, the term "document" shall mean all original writings of any nature whatsoever and all non-identical copies thereof, including, without limitation, electronically stored information currently or formerly existing, including those which have been deleted, in Your possession, custody, or control, regardless of where located, and includes the following items and things, whether printed, recorded, filmed, electronic, or reproduced by hand, whether or not claimed to be privileged against discovery on any ground, and, where original or non-identical copies are not available, identical copies of original documents and copies of non-identical copies, namely: contracts, agreements, articles, bids, directives, communications, correspondence, audio tape recordings, video tape recordings, cablegrams, radiograms, telegrams, electronic mail or e-mail, or other forms of electronic communication, electronic documents, text messages, PDA calendars or notes, minutes, notes, studies, reports, summaries, agendas, bulletins, notices, columns, arrangements, instructions, shortages, pamphlets, manuals, brochures, schedules, price lists, sketches, drawings, photographs, opinions and reports of consultants, plans, specifications, purchase orders, ledgers, diaries, personal calendars, computer calendars, computer tapes, computer disks, computer cards, computer recorded information, and any other written material.

19.     As used herein, the term "information" shall be expansively construed and shall include, without limitation, documents, facts, data, opinions, images, impressions, concepts, and formulae.

20.     As used herein, the term "communication" shall mean any oral or written exchange of words, thoughts, or ideas with another person, whether person to person, in a group, in a meeting, by telephone, letter, telefax, electronic mail or e-mail, text message, or otherwise, and including any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, note, or other communication.

21.     As used herein, "relating to" or "related," "concern" or "concerning," or "refer to" or "referring to" shall mean mentioning, evidencing, constituting, discussing, detailing, reflecting, assessing, evaluating, recording, describing, showing, embodying, pertaining to, directing attention to, connecting with, utilizing in connection therewith, supporting, commenting on, responding to, analyzing, summarizing, evidencing, supporting, contradicting or rebutting, directly or by inference.

22.     As used herein, the terms "person" or "persons" shall mean any natural person and any corporation, partnership, limited liability company, limited liability partnership, association, joint venture, or other business enterprise or legal entity.

23.     As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any information or documents that may otherwise be considered outside the scope.

24.     As used herein, the terms "includes" or "including" shall be construed as "includes, without limitation" or "including, without limitation," so that each request shall be construed

4

broadly, rather than narrowly, to bring within the scope of each request all responses that may otherwise be construed outside its scope.

25.     For purposes of these Requests, the use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of each Request all responses that might otherwise be construed to be outside its scope.

26.     For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning. If You are unable to understand the meaning of any term or Request, You are invited to immediately seek clarification through Plaintiff's counsel.

## INSTRUCTIONS

1.     You are required to produce all documents in your possession, custody, or control or the possession, custody, or control of your attorneys, officers, directors, agents, employees, accountants, consultants, investigators, surveyors, representatives, or any other persons or entities directly or indirectly employed by You or Your attorneys or anyone else subject to Your control.

2.     In responding to these Requests, You are not limited to Your own personal knowledge, and You are required to furnish all information available to You or anyone acting on Your behalf. If You are unable to respond to any Request or portion thereof, identify the person whom You believe has the knowledge or information that the Request addresses.

3.     If any Request herein is not answered because of a claim of privilege or immunity, You shall specifically state all claims of privileges, or other reasons for refusing to answer, and You shall provide all information necessary to evaluate each claim of privilege or immunity, including the date and subject matter of conversations or written communications, the identity of the persons participating in the conversation or writing, and the identity of all persons to whom any portion of the contents of that conversation or writing have been disclosed. The information

5

provided shall be sufficient to allow it to be described to the Court for a ruling on the privilege or reason for Your refusal to answer.

      4.     To the extent You consider any of the following Requests objectionable, answer or respond to so much of the request, and each part thereof, as is not objectionable in Your view. If applicable, You should separately state the part of each Request for Production as to which You raise objection and specifically state the ground(s) for each such objection.

      5.     All documents responsive to the Requests shall be produced in the same form and in the same order in which they are kept in the usual course of business.

      6.     If documents produced in response to the Requests are numbered for production, in each response, provide both the information that identifies the documents and the documents' production number.

      7.     If a document is produced in redacted form, You should state, with particularity, the reason it was not produced in full and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

      8.     If any document cannot be produced in full, produce it to the extent possible and You should specify the reasons for Your inability to produce the remainder, further stating all information, knowledge, or belief You have concerning Your inability to produce the unproduced portion.

      9.     For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Identify each person having knowledge about the disposition or

loss of the document, and identify any other document evidencing the existence of the lost document and/or any facts about the lost document.

10.　　If production of any requested document or information is objected to on the ground that it is burdensome or oppressive, identify:  (i) the reason why the requested production poses a purported undue burden; (ii) the approximate number of documents/pages that have been called for; and (iii) the location of the requested document(s).

11.　　Electronic data produced in response to the Request should be produced in TIFF, PDF, and/or native format, as necessary, such that any metadata, formatting, or other information associated with the documents is preserved.  If e-mails are produced they must be produced in a form so that the relationship between the electronic documents (*e.g.*, attachments) is preserved and reflected in the production.

12.　　Unless otherwise specified, the Requests set forth herein refer to the time period from January 1, 2009 up to and including the present date.

7

## EXHIBIT A

1.     All documents evidencing, relating to, or concerning the activities or conduct of KBR U.S. relating to the Gorgon Jetty, including, but not limited to, the activities or conduct of KBR U.S. relating to: (i) the Jetty Contract; (ii) the Jetty Charter; (iii) the DOS; (iv) Plaintiff's requests for time extensions to the Project Schedule submitted on the Gorgon Jetty; (v) Plaintiff's Change-Order requests submitted on the Gorgon Jetty; (vi) Plaintiff's IPPAs submitted on the Gorgon Jetty; and (vii) Plaintiff's FPPA submitted on the Gorgon Jetty.

2.     All documents evidencing, relating to, or concerning the activities or conduct of KJV relating to the Gorgon Jetty, including, but not limited to, the activities or conduct of KJV relating to: (i) the Jetty Contract; (ii) the Jetty Charter; (iii) the DOS; (iv) Plaintiff's requests for time extensions to the Project Schedule submitted on the Gorgon Jetty; (v) Plaintiff's Change-Order requests submitted on the Gorgon Jetty; (vi) Plaintiff's IPPAs submitted on the Gorgon Jetty; and (vii) Plaintiff's FPPA submitted on the Gorgon Jetty.

3.     All documents evidencing communications between Chevron U.S., KBR U.S., KJV, and/or any member of KJV, relating to or concerning the Gorgon Jetty, including, but not limited to: (i) such communications relating to Plaintiff's payment claims, or payments made to Plaintiff, in connection with the Gorgon Jetty; and (ii) communications involving Joe Anderson, Elena Berdenikova, Charles Borland, Murphy Bowers, Pierre Breber, Jeff Brubaker, Pat Carswell, Billy Cash, Phillip Chow, Paul Coleman, Simon Copp, John Davies, Nagendra Doddapaneni, Gerry Flaherty, Derek Floreani, Mary Francis, John Geagea, Ashley Geneve, Stephen Green, Paul Griffin, Peter Hagen, Lee Harris, Nigel Hearne, Richard Janik, James W. Johnson, Mike Joyce, Lokesh Kalra, George Kirkland, Roy Krzywosinski, Paul McGrath, Melody Meyer, John Miller, Joe Naylor, Mark Nelson, Uriel Oseguera, Kevin Owens, R. Hewitt Pate, Stuart Payne, Oscar Pena, Brett Pigott, Jay Pryor, Sarath Ravipati, Mark Vaughn, Scott Walker, John Watson, Michael

Wirth, and/or W. Scott Young. This Request also includes, but is not limited to, communications involving Keith Ackley, Eileen Akerson, Chris Albury, Jeff Bolt, Stuart Bradie, Tom Bullard, Kristen Burns, Bob Carl, Craig Collins Jr., Kenneth Crabtree, Alistair Cullen, Mitchell Dalton, Robert Davis, Sid Dearing, Harold (Chip) DeSonier III, Len Duncan, Carl Elmer, Kimberly Rudolph Feletin, Will Ferrier, Aaron Fowler, Tony Gill, Aaron Greene, Ivor Harrington, William Higginbotham, Graham Hill, Charles Humphrey, Darshi Jain, Tim James, David Kahlbom, Hugh Kilpatrick, Tim Lane, James (Jim) Larsen, Stan Lewis, Richard Lynn, Aiesha Maxwell, Nigel Martinez-Whiting, Michael Melcher, Chris McDowra, Warren McKenzie, Josh Merritt, Mike Middleton, Marion Nunn, George O'Hair, Roy Oelking, Ann Pickard, Terry Pitts, Raquel Powers, Paulo Prado, Ryan Pringle, Jeffrey Ray, John Rose, Jerel Sachs, Thomas (Tom) Sawyer, Mike Scheeler, Tim Sergenian, Paul Smith, Stuart Smithson, Gary Steinmetz, Chris Sterling, Seema Thakor, Borbala Ungvari, Bill Utt, David Zelinski, and/or David Zimmerman

4.    All contracts and agreements among Chevron U.S., KBR U.S., the members of KJV, and/or Gorgon JV relating to the Gorgon Jetty and/or evidencing the role of KJV on the Gorgon Jetty.

5.    All documents evidencing bids, proposals, or quotations submitted by KBR U.S., by any affiliate of KBR U.S., by KJV, or by any member of KJV for work including any aspect of the Gorgon Jetty, as defined by the Jetty Contract, Appendix A, "Scope of Work for LNG Jetty and Marine Structures."

6.    All contracts and agreements among Chevron U.S., KBR U.S., KJV, and/or Gorgon JV relating to, or including provisions relating to, tolling or standstill of claims, and/or indemnification or reimbursement of damages, legal expenses, and other costs, in connection with

9

the Gorgon Jetty, including, but not limited to, any costs incurred or potential damages awarded in connection with the Litigation.

7.      All documents relating to or evidencing any requests made by Chevron U.S., KBR U.S., KJV, and/or Gorgon JV to any party seeking tolling or standstill of claims, and/or indemnification or reimbursement of damages, legal expenses, or other costs, relating to the Jetty Contract. This Request includes, without limitation, any demands for indemnification and any responses to any such demand, including, but not limited to, any such demands made in connection with the Litigation.

8.      All documents reflecting, evidencing, or concerning communications between You and KBR U.S. relating to the Litigation.

9.      All documents evidencing the audit report of KPMG dated on or around December 2013 regarding Plaintiff's work and payments made to Plaintiff in connection with the Gorgon Jetty.